# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TALICIA DIXON

        Petitioner,  :  Case No. 3:24-cv-12

- vs -      District Judge Michael J. Newman
    Magistrate Judge Michael R. Merz

SHANNON OLDS, WARDEN,
  Dayton Correctional Institution,

        :
        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Talicia Dixon under 28 U.S.C. § 2254. When filed it was assigned to District Judge Michael J. Newman and randomly referred to Magistrate Judge Caroline H. Gentry under Amended General Order 22-05. As permitted by that Order, the Magistrate Judge reference has been transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 11).

The relevant pleadings are the Petition (ECF No. 1), the State Court Record (ECF No. 7), Respondent's Return of Writ (ECF No. 8) and Petitioner's Reply (ECF No. 10). The Court notes from the Reply that Shannon Olds, Warden at Dayton Correctional, is Petitioner's custodian. The caption is ordered amended as set forth above and Shannon Olds is substituted as Respondent. Fed.R.Civ.P. 25(d). The case is therefore ripe for decision.

1

**Litigation History**

A Greene County, Ohio, grand jury indicted Petitioner on April 5, 2019, on one count of felony murder in violation of Ohio Revised Code § 2903.11(A)(2)(Count One), one count of involuntary manslaughter in violation of Ohio Revised Code § 2903.04(A)(Count Two), and one count of felonious assault in violation of Ohio Revised Code § 2903.11(A)(2)(Count Three)(State Court Record, ECF No. 7, Ex. 1). Each count carried a firearm specification. *Id.* Prior to trial the trial court, on the State's motion, dismissed Count Two and re-numbered Count Three as Count Two. *Id.* at Ex. 7. A jury convicted Dixon on both counts and specifications and she was sentenced to imprisonment for eighteen years to life, the mandatory sentence under Ohio law.

Dixon appealed to the Ohio Court of Appeals for the Second District pleading the following assignments of error:

1. The court erred in refusing to instruct the jury on inferior degree offenses.

2. The court erred in failing to issue a jury instruction with a correct and complete statement of law.

3. The court erred in prohibiting the retroactive application of Ohio's stand your ground law.

4. Appellant's conviction was based on insufficient evidence as a matter of law.

5. Appellant's conviction was against the manifest weight of the evidence.

(Appellant's Brief, State Court Record, ECF No. 7, Ex. 13, PageID 132). The Second District affirmed the conviction and sentence. *State v. Dixon,* 2022-Ohio-3157 (Ohio App. 2d Dist. Sept. 9, 2022). Dixon appealed to the Supreme Court of Ohio pleading the following single Proposition of Law:

> **Proposition of Law No. I:** A defendant has a right to expect that the trial court will give complete jury instructions on all issues raised at [sic] the case evidence. Even when arguing self-defense, a defendant is entitled to an instruction on inferior degree offenses when the evidence presented to the jury supports doing so. When injuries are brought on by extreme stress caused by provocations, a trial court must allow the jury to consider instructions on inferior degree offenses. The serious provocation standard provides little guidance on how it is to be applied and limits a trial court in giving the instruction unless there is sufficient evidence. The jury should be left to determine what amounts to sufficient provocation, in order to find a defendant not guilty of felonious assault but guilty of aggravated assault.

The Ohio Supreme Court declined to exercise jurisdiction. *State v. Dixon*, 168 Ohio St. 3d 1528 (2023). Dixon was represented at trial, on appeal to the Second District, and again on appeal to the Ohio Supreme Court by L. Patrick Mulligan who is very experienced as criminal defense counsel.

Dixon filed her Petition in this Court *pro se* on January 12, 2024 (ECF No. 1). In the Petition, she pleaded the following Grounds for Relief:

> **Ground One:** Trial court abuse of discretion (refusal to give jury instruction on inferior-degree offense) (due process).
>
> **Supporting Facts:** Violation of Mathews v. United States, 485 u.s. 58 @ 485. trial court abuse of discretion: refusal to give jury instructions (1) on aggravated assault as an inferior-degree offense to felonious assault; (2) on voluntary manslaughter as an inferior-degree offense to murder.
>
> **Ground Two:** trial court abuse of discretion (refusal to give jury instructions on willful maltreatment) – (due process)
>
> **Supporting Facts:** violation of mathews v. united staes, 485 u.s. 58 @ 485. trial court abuse of discretion: refusal to give jury insstructions on willful maltreatment by medical personnel as an independent intervening cause of patient's death.
>
> **Ground Three**: trial court abuse of discretion (misstatement of the law on self-defense) (due process)
>
> **Supporting Facts**: violation of mathews v. united staes, 485 u.s. 58 @ 485; henderson v. kibbe, 431 u.s. 145 @ 155; estelle v. mcguire, 502 u.s. 62 @ 72; jackson v. virginia, 442 u.s. 307 @ [*317-313].

3

trial court abuse of discretion for his inaction in applying the self defense "stand-your-ground" law (orc 2901.09(b)(c) effective april 6, 2021 to petitioner's trial which was held on july-19-2021.

**Grounds Four and Five**: Legal Insufficiency & Manifest Weight of the Evidence

**Supporting Facts:** violation of due process under tibbs v. florida (1982), 457 u.s. 31 @ 45, 48, 51, citing jackson v. virginia, 443 u.s. 307 (1979), which cites winship. there was insufficient evidence to disprove self-defense beyond a reasonable doubt; and there was insufficient evidence to disprove intervening cause of death to break the causal connection beyond a reasonable doubt, consequently the jury was mislead and created a manifest miscarriage of justice in convicting petitioner of murder and felonious assault.

(Petition, ECF No. 1).

# Analysis

**Abuse of Discretion Claims**

In her first three grounds for relief, Petitioner pleads that the trial judge "abused his discretion" when he did not take certain actions. Assuming Ohio trial judges have discretion over the issues presented by these claims, a federal habeas court does not have authority to review that exercise of discretion. To put it another way, a state judge's abuse of his or her discretion is not a violation of the United States Constitution. Abuse of discretion is not a denial of due process *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995). Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state

4

court determinations on state law questions, for example, whether a trial judge has abused his discretion. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

Because a *pro se* litigant is entitled to a liberal construction of her pleadings, the Magistrate Judge construes these three grounds read to alleged violation of a relevant federal constitutional right, rather than as abuse of discretion claims.

**Ground One: Failure or Refusal to Give Inferior Degree Offense Instruction**

In her First Ground for Relief, Petitioner claims the trial judge violated her constitutional rights when he refused to give jury instructions on (1) voluntary manslaughter as an inferior degree of murder and (2) aggravated assault as an inferior degree of felonious assault.

Although the first Assignment of Error on direct appeal reads in the plural ("offenses"), Petitioner's argument was directed only to the aggravated assault charge. However, the Second District understood that both the felonious assault and murder charges were at issue. Judge Tucker wrote:

> {¶ 20} With regard to the first assignment of error, Dixon sought to have the jury instructed on aggravated assault as an inferior-degree offense to felonious assault and on voluntary manslaughter as an inferior-degree offense to murder. In deciding whether to provide a lesser-included or inferior-offense instruction, a trial court must find sufficient evidence to allow a jury to reasonably reject the greater offense and to find a defendant guilty on a lesser-included or inferior-degree offense. *State v. Ferrell*, 2020-Ohio-6879, 165 N.E.3d 743, ¶ 35 (10th Dist.). When the evidence pertaining to a lesser-included offense or inferior-degree offense meets this test, a

trial court must instruct the jury on the lesser-included or inferior-degree offense. *State v. Conley*, 2015-Ohio-2553, 43 N.E.3d 775, ¶ 32 (2d Dist.).

{¶ 21} We have recognized that aggravated assault is an inferior-degree offense to felonious assault and that voluntary manslaughter is an inferior-degree offense to murder. This is so because aggravated assault and voluntary manslaughter both contain an additional mitigating element of "serious provocation." *State v. Rider*, 2d Dist. Champaign No. 2021-CA-12, 2022-Ohio-1964, ¶ 39-40. In other words, the greater-degree and inferior-degree offenses are similar except aggravated assault and voluntary manslaughter require proof that a defendant acted under the influence of sudden passion or in a fit of rage brought about by serious provocation. *State v. Miller*, 2d Dist. Montgomery No. 29099, 2022-Ohio-213, ¶ 16; *State v. Robinson*, 2d Dist. Clark No. 2021-CA-3, 2021-Ohio-3255, ¶ 11. The test for whether a serious provocation occurred and whether a defendant acted under the influence of sudden passion or in a fit of rage includes objective and subjective components. *Robinson* at ¶ 12. The provocation must be sufficient to arouse an ordinary person beyond the power of his control, and the defendant in fact must have acted under the influence of sudden passion or in a fit of rage. *Id.*

{¶ 22} This court has recognized that a self-defense argument generally is inconsistent with a serious-provocation theory. *State v. Brown*, 2d Dist. Montgomery No. 27738, 2018-Ohio-3068, ¶ 47 (citing cases). For that reason, self-defense and aggravated-assault or voluntary-manslaughter instructions are incompatible in most cases. *Id.* Nevertheless, we recognized in *Brown* that the two theories conceivably might be compatible where a defendant is found to have exceeded the degree of force necessary to defend himself because he acted out of passion or rage.

{¶ 23} In the present case, we are unpersuaded that Nooks engaged in any serious provocation. Even accepting Dixon's testimony as true, Nooks did not assault her in the bar parking lot. He also did not throw the bottle at her. According to Dixon, he simply "lunged" toward her outside of Lane's house. Even if we were to accept that this conduct qualified as serious provocation, Dixon's own testimony establishes that she did not act out of sudden passion or in a fit of rage. Dixon testified that she fired the handgun because she was scared, worried, and afraid of being assaulted by Hoyt and Nooks. But " '[f]ear alone is insufficient to demonstrate the kind of emotional state necessary to constitute sudden passion or fit of rage.' " *Miller* at ¶ 18, quoting *State v. Mack*, 82 Ohio St.3d 198, 201, 694

6

> N.E.2d 1328 (1998). Absent evidence that Dixon acted under the influence of sudden passion or in a fit of rage caused by serious provocation, the trial court did not abuse its discretion in refusing to instruct the jury on aggravated assault or voluntary manslaughter. The first assignment of error is overruled.

*Dixon, supra.*

Although the Second District decided the First Assignment of Error on the merits, it did not consider that it was being presented with a federal constitutional question. In arguing the case on direct appeal, Petitioner did not claim that the failure to instruct on inferior degree offenses violated her federal constitutional rights, but only Ohio law and that is the way the Second District understood the claim.

The Magistrate Judge concludes that the inferior degree claim is procedurally defaulted because it was not fairly presented to the Second District as a federal constitutional claim. A claim is fairly presented if the petitioner:

> (1) relied upon federal cases employing constitutional analysis; (2) relied upon state cases employing federal constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law.

*Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017). Appellant's brief to the Second District relies only on Ohio case law and the Second District did likewise.

**Ground Two: Refusal to Instruct on Maltreatment**

The victim in this case did not die for some months after he was shot. In her Second Ground for Relief, Petitioner asserts she was deprived of due process of law when the trial judge

7

refused to give a jury instruction on willful mistreatment as an intervening cause of death. The Second District's decision on the relevant assignment of error is as follows:

> {¶ 24} In her second assignment of error, Dixon contends the trial court erred in failing to give a "correct and complete" jury instruction on intervening cause. This argument concerns an instruction the trial court gave about Nooks' medical care being an intervening cause of his death.
>
> {¶ 25} Over the State's objection, the trial court instructed the jury that gross negligence by medical personnel may be an independent intervening cause of a patient's death, thereby breaking the causal connection between the defendant's conduct and the death and precluding a finding of guilt. The instruction included a definition of gross negligence.
>
> {¶ 26} On appeal, Dixon claims the trial court erred in failing to include willful maltreatment by medical personnel as an independent intervening cause of a patient's death. She argues that a qualified intervening cause can be gross negligence or willful maltreatment and that a finding of either one is sufficient to support a not-guilty verdict. Dixon asserts that the absence of an instruction on willful maltreatment left the jury only partially informed about how to evaluate the staff's actions at the long-term care facility where Nooks died.
>
> {¶ 27} Upon review, we find Dixon's argument to be unpersuasive. It is true that either gross negligence or willful maltreatment by medical personnel may relieve a defendant of liability for a victim's death. *State v. Hanna*, 95 Ohio St.3d 285, 2002-Ohio-2221, 767 N.E.2d 687, ¶ 45. In the present case, however, it appears that Dixon requested the instruction the trial court gave over the State's objection. She cannot reasonably complain on appeal about an instruction she sought and obtained. Regardless, we see no error in the trial court's omitting a reference to willful maltreatment. The trial court reasonably could have concluded that the evidence did not support that branch of the intervening-cause instruction. We see no evidence to support a finding that staff members at the long-term care facility engaged in willful maltreatment of Nooks. At best, Dixon's evidence supported a gross-negligence theory. Absent evidence of willful maltreatment, the trial court was not obligated to instruct the jury on that issue. The second assignment of error is overruled.

*State v. Dixon, supra.*

8

Respondent asserts this claim is procedurally defaulted because it was not included in Dixon's appeal to the Ohio Supreme Court. Petitioner concedes this is so, but blames it on ineffective assistance of appellate counsel (Reply, ECF No. 10, PageID 1586, *et seq.*).

Ineffective assistance of counsel can act as excusing cause for procedural default only when it occurs in proceedings where the Sixth Amendment guarantees effective assistance. *Wainwright v. Torna*, 455 U.S. 586 (1982)(where there is no constitutional right to counsel there can be no deprivation of effective counsel); *Riggins v. Turner*, 1997 U.S. App. LEXIS 6115, *5 (6th Cir. 1997); *Barkley v. Konteh*, 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002). However, that guarantee only extends to proceedings in which there is a right to appointed counsel. The right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). In Ohio review by the Supreme Court is discretionary with that Court, so the Sixth Amendment right does not extend to those proceedings.

Secondly, ineffective assistance of appellate counsel can only excuse procedural default if it has first been presented to the state courts and found to be a meritorious claim. *Edwards v. Carpenter*, 529 U.S. 446 (2000); *Chase v. MaCauley*, 971 F.3d 582, 592 (6th Cir. 2020). Petitioner has never raised a claim of ineffective assistance of appellate counsel in the Ohio courts.

Third, Petitioner's Second Ground for Relief is procedurally defaulted for the same reason as Ground One, to wit, that it was not fairly presented to the Second District Court of Appeals as a federal constitutional claim. Petitioner argued this claim entirely in terms of Ohio law. (See Appellant's Brief, State Court Record, ECF No. 7, Ex. 13, PageID 143-48). The Second District decided the Assignment of Error entirely in terms of Ohio law.

Finally, Petitioner's claim is barred by the doctrine of invited error. As the Second District noted (*Dixon, supra,* ¶ 27).

9

Petitioner's Second Ground for Relief is therefore procedurally defaulted.

### Ground Three:  Petitioner was Deprived of Due Process by the Trial Court's Failure to Instruct on Ohio's Newly-Adopted Stand-Your-Ground Version of Self-Defense

In her Third Ground for Relief, Petitioner claims she was deprived of due process by the trial judge's failure to instruct the jury on the newly-adopted "Stand-Your-Ground" version of the defense of self-defense.

Respondent claims this Ground for Relief is barred by the same procedural defaults shown as to Ground Two and that defense is well-taken here for the same reasons it was on Ground Two.

Ground Three is also procedurally defaulted for failure to present it to the Second District as a federal constitutional claim.  Appellant's brief on this Assignment of Error relies only on Ohio law (State Court Record, ECF No. 7, Ex. 13, PageID 149-55).  In deciding this Assignment of Error, the Second District relied entirely on Ohio law.  It also noted that the parties had agreed that the law of self-defense as it stood before the Stand-Your-Ground amendment should be applied in this case, thus at least implicitly again invoking the invited error doctrine.

Petitioner's Third Ground for Relief is therefore procedurally defaulted.

### Grounds Four and Five:  Conviction Based on Insufficient Evidence or Against the Manifest Weight of the Evidence.

In her combined Fourth and Fifth Grounds for Relief, Petitioner claims she was deprived of due process by being convicted on constitutionally insufficient evidence and also against the manifest weight of the evidence.

The Second District's decision on these claims is as follows:

10

{¶ 32} Dixon's fourth and fifth assignments of error state:

4. APPELLANT'S CONVICTION WAS BASED ON INSUFFICIENT EVIDENCE AS A MATTER OF LAW.
5. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 33} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 34} Our analysis is different when reviewing a manifest-weight argument. When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 35} With the foregoing standards in mind, we conclude that Dixon's murder and felonious-assault convictions were based on legally sufficient evidence and were not against the weight of the evidence.

{¶ 36} Dixon argues that the jury's guilty verdicts were unsupported because she acted in self-defense and because gross negligence and willful maltreatment by the staff at Nooks' long-term care facility acted as an independent intervening cause of his death.

{¶ 37} With regard to self-defense, the parties agreed that the trial court would instruct the jury consistent with the law in effect at the time of Dixon's offenses in May 2018. At that time, self-defense was an affirmative defense requiring a defendant to prove " '(1) the

defendant was not at fault in creating the violent situation, (2) the defendant had a bona fide belief that she was in imminent danger of death or great bodily harm and that her only means of escape was the use of force, and (3) that the defendant did not violate any duty to retreat or avoid the danger.' " *State v. Goff*, 128 Ohio St. 3d 169, 2010-Ohio-6317, 942 N.E.2d 1075, ¶ 36, quoting *State v. Thomas*, 77 Ohio St.3d 323, 326, 673 N.E.2d 1339 (1997).

{¶ 38} Based on the evidence presented, we believe the jury reasonably could have rejected Dixon's self-defense claim. The State's evidence established that she shot Nooks, who was unarmed, as he walked toward Lane's house. Before doing so, Dixon went to a friend's car and retrieved a handgun. She then approached Hoyt and Nooks with the gun and displayed it to scare them. Dixon proceeded to raise the weapon and shoot Nooks in the neck. He fell to the ground in the street, and shell casings were found in Lane's front yard. This fact undermines Dixon's claim that Nooks was close enough to "lunge" for her or her weapon.

{¶ 39} Dixon's argument about gross negligence or willful maltreatment by the staff at the long-term care facility is equally unpersuasive. The trial court correctly did not instruct the jury about willful maltreatment because there was no evidence to support such an instruction. With regard to gross negligence, the jury reasonably could have rejected Dixon's argument based on the testimony of prosecution witnesses Dr. Sharrett and Dr. Pearle. As set forth above, Dr. Sharrett opined that the treatment Nooks received was consistent with the standard of care given in Ohio nursing facilities. For his part, Dr. Pearle opined that additional respiratory therapy probably would not have helped Nooks and that Nooks' death was not caused in any way by the level of care he received. Although Dixon presented competing testimony from Dr. Groah, the jury was free to weigh the evidence, evaluate witness credibility, and reject Dixon's argument.

{¶ 40} Viewing the evidence in a light most favorable to the prosecution, we believe a rational trier of fact could have found the essential elements of Dixon's offenses proven beyond a reasonable doubt. We also are unpersuaded that the jury clearly lost its way and created a manifest miscarriage of justice. This is not an exceptional case in which the evidence weighed heavily against the convictions. Accordingly, Dixon's fourth and fifth assignments of error are overruled.

*State v. Dixon, supra.*

Dixon's manifest weight of the evidence claim fails to state a claim for relief under the United States Constitution and is therefore not cognizable in habeas corpus. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986). Therefore Petitioner's Fifth Ground for Relief must be dismissed.

However, Petitioner's insufficient evidence claim, Ground Four, does state a claim under the Due Process Clause. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson*). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* (quoting *Jackson*, 443 U.S. at 324). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.* A sufficiency challenge should be assessed against the elements of the crime, not against the elements set forth in an erroneous jury instruction. *Musacchio v. United States*, 577 U.S. 237 (2016).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

13

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge

14

>       simply because the federal court disagrees with the state court. The
>       federal court instead may do so only if the state court decision was
>       'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S.
>       ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012)(per curiam); *Parker v. Matthews*, 567 U.S. 37, 43 (2012)(per curiam).  The federal courts do not make credibility determinations in reviewing sufficiency of the evidence claims.  *Brooks v. Tennessee,* 626 F.3d 878, 887 (6th Cir. 2010).

Respondent asserts Ground Five is procedurally defaulted because it was not presented to the Ohio Supreme Court on direct appeal.  For reasons given above as to Ground Two, that defense is well taken.

In addition, the Second District's decision on this claim is entitled to deference under *Jackson*.  There were certainly sufficient facts to show Dixon murdered Nooks.

**Proposed Ground Six:  Ineffective Assistance of Appellate Counsel**

At the end of her Reply, Petitioner proposes to amend her Petition by adding a claim of ineffective assistance of appellate counsel (ECF No. 10, PageID  1586, *et seq*.).  To the extent she intends to use that claim to defend against procedural default, it would be unavailing for the reasons already given.  To the extent she wishes to raise that claim for other purposes, it is untimely, both because it is unduly delayed and also because it would be barred by the statute of limitations.  The Motion to Amended is DENIED.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the

Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 17, 2024.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #